**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FLORENCE MUSSAT, M.D., S.C., an Illinois )
Corporation, individually and on behalf )
of a class, )
                                )      13-cv-7853
               Plaintiff, )
                                )
   v. )
                                )
POWER LIENS LLC, )
                                )
             Defendant. )

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation, brings this action to secure monetary and injunctive redress for the illegal actions of Power Liens LLC ("Defendant" or "Power Lien") in faxing an unsolicited advertisement in the form of <u>Exhibit A</u> in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law of conversion.

2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 47 U.S.C. § 227 ("TCPA"). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4.      Venue and personal jurisdiction in this District are proper because Defendants committed tortious acts in Illinois by the transmission of unlawful communications within the state, specifically targeting their advertising to Plaintiff.

**PARTIES**

5.      Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation with offices in the Chicago metropolitan area that at all times relevant to the Complaint maintained a telephone facsimile machine corresponding with the telephone number (773) 868-3700.

6.      According to the Nevada Secretary of State, Power Liens LLC, is a Nevada Limited Liability Company and its registered agent is Paracorp Incorporated, 318 N. Carson St. #208, Carson City, NV 89701.

**FACTS**

7.      On or around October 18, 2012, Plaintiff Florence Mussat, M.D., S.C. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.      Defendant is responsible for causing to be sent and/or the sending of the fax, a copy of which is attached hereto as Exhibit A.

9.      The sender of the fax attached hereto as Exhibit A intended the fax to be sent to a fax machine that could reach Plaintiff.

10. Defendant is the entity whose products or services were advertised in the fax advertisement attached as <u>Exhibit A</u>.

12. The subject form fax, <u>Exhibit A</u>, is an advertisement requesting Plaintiff to contact Defendant related to Defendant's business. Specifically the advertisement states, "For information on how to secure an exclusive zone in your territory and locking out your nearby competition, contact us today at 800-680-5526."

13. Plaintiff does not recognize Defendant and does not believe that Plaintiff has had a prior relationship with Defendant. Plaintiff did not authorized the sending of the fax advertisement, <u>Exhibit A</u>.

14. On information and belief, Defendant has transmitted by fax the form of <u>Exhibit A</u>, which in part requests the recipient to contact 800-680-5526 or fax the filled out form back to 310-882-56512 to at least 40 other persons or businesses.

15. There are no reasonable means for Plaintiff or other recipients of Defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners, especially those in he medical community to whom Defendant's solicitation is targeting.

16. Furthermore no "opt out notice" as required by the TCPA, even when faxes are sent with consent or pursuant to an established business relationship, was provided in the faxes the form of is attached as <u>Exhibit A</u>.

### COUNT I – TCPA

17. Plaintiff incorporates ¶¶ 1-16 above.

18.   The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ." 47 U.S.C. §227(b)(1)(C).

19.   The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

20.   Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, Plaintiff's and each class member's statutory right of privacy was invaded.

21.   Plaintiff and each class member are entitled to statutory damages.

22.   Defendant violated the TCPA even if their actions were only negligent.

23.   Defendant should be enjoined from sending unsolicited faxes in the future.

### TCPA - CLASS ALLEGATIONS

24.   Plaintiff brings this claim on behalf of a class and subclass under the Rule 23(b)(3) and Rule 23(b)(2) consisting of:

4

CLASS: All persons who received at least one fax in the form of <u>Exhibit A</u> that lacked an opt-out notice, from a time period from the date <u>Exhibit A</u> was sent to Plaintiff and seven business days prior and after that date.

SUBCLASS: All persons who received at least one fax in the form of <u>Exhibit A</u> where Defendants' records do not show that it had any prior express permission or invitation for the sending of such fax or did not have an established business relationship from a time period from the date <u>Exhibit A</u> was sent to Plaintiff and seven business days prior and after that date.

25.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the classes and subclass above.

26.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.     Whether Defendant engaged in a pattern of sending unsolicited faxes;

        b.     The manner in which Defendant compiled or obtained its list of recipients; and

        c.     Whether Defendant thereby violated the TCPA.

27.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

28.     A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant are small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

        a.   Statutory damages under the TCPA;

        b.   An injunction against the further transmission of unsolicited faxes;

        c.   Costs of suit;

        d.   Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

29.    Plaintiff incorporates ¶¶ 1-16 above.

30.    Defendant engaged in unfair acts and practices, in violation of ICFA § 2/815 ILCS 505/2, by sending unsolicited fax advertising to Plaintiff and others.

31.    Unsolicited fax advertising is contrary to Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

32.    Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of its advertising.

33.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner that was required to print the fax in the form of Exhibit A.

34.     Plaintiff and the class members are left with a lack of meaningful choice because there was no remedy from the harm experienced from the receipt of the fax in form of <u>Exhibit A</u> as Plaintiff, and presumably other doctors, need to keep their fax machines on for business purposes.

35.     While the loss may be small to Plaintiff, in the aggregate to the class, the harm caused by Defendant is more than *de minimus*.

36.     Defendant engaged in such conduct in the course of trade and commerce.

37.     Defendant's conduct caused recipients of their advertising to bear the cost thereof.  This gave Defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost approximately $500,000 if sent by U.S. mail but only approximately $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due".     Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

## ILLINOIS CONSUMER FRAUD ACT – CLASS ALLEGATIONS

38.     Plaintiff brings this claim on behalf of a class and subclass under the Rule 23(b)(3) consisting of:

CLASS: All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this complaint received a fax in the form of <u>Exhibit A</u> that did not contain an opt-out notice.

7

SUBCLASS: All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this complaint received a fax in the form of <u>Exhibit A</u> with respect to whom Defendant did not have prior express consent or invitation from the recipient prior to sending the fax or with whom Defendant did not have a prior established business relationship.

39. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

40. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a. Whether Defendant engaged in a pattern of sending unsolicited faxes;

        b. Defendant engaged in unfair acts; and

        c. Whether Defendant violated the ICFA.

41. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

42. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and the class and against Defendant for:

        a.  Actual damages;

        b.  Attorney's fess and costs of suit; and

        c.  Such other or further relief as the Court deems just and proper.

**COUNT III – CONVERSION**

43.    Plaintiff incorporates ¶¶ 1-16 above.

44.    By sending Plaintiff and the class members unsolicited faxes, Defendant converted to its own use ink or toner and paper belonging to Plaintiff and the class members.

45.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

46.    By sending the unsolicited faxes, Defendant appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

47.    Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

48.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.

49.    Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

**CONVERSION - CLASS ALLEGATIONS**

9

50. Plaintiff brings this claim on behalf of a class and subclass under Rule 23(b) consisting of:

CLASS: All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this complaint received a fax in the form of Exhibit A that did not contain an opt-out notice.

SUBCLASS: All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this complaint received a fax in the form of Exhibit A with respect to whom Defendant did not have prior express consent or invitation from the recipient prior to sending the fax or with whom Defendant did not have a prior established business relationship.

51. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

52. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether Defendant engaged in a pattern of sending unsolicited faxes; and

b. Whether Defendant engaged in the conversion of ink, toner & paper.

53. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

54. A class action is an appropriate method for the fair and efficient

10

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

      a.  Actual damages;

      b.  Costs of suit; and

      c.  Such other or further relief as the Court deems just and proper.


Respectfully submitted,

s/ Curtis C. Warner
    Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

11

**DOCUMENT PRESERVATION REQUESTS**

PLEASE TAKE NOTICE that Defendant is requested to preserve all documents that relate to the identity of the putative class members defined in the Complaint, including all fax logs, their fax numbers, address and names. Defendant is requested to preserve any and all documents which show any expressed prior consent to receive faxes in the form of Exhibit A. Defendant is requested to preserve any and all documents which show any established business relationship with the putative class members.

**NOTICE OF LIEN AND ASSIGNMENT OF ATTORNEY'S FEES**

PLEASE TAKE NOTICE that Plaintiff has irrevocably assigned its rights to attorney's fees to her undersigned counsel who has taken a lien on such fees.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

# EXHIBIT A

# DOCTORS+LIENS
### POWERLIENS.COM

**October 17, 2012**
**<u>Time Sensitive</u>**

Dear Doctor or Office Manager,

Per a number of requests, we've added a new feature to our website, www.PowerLiens.com, allowing attorneys to narrow their doctor searches by "Transportation Provided". If your office offers transportation services to your clients, please let us know so that we can make sure it is properly reflected on our website. Our results show that the more specific you are about the services you offer, the more attorneys will call your office.

You can update your listing information by either:

- Filling out the form below and faxing it back to 310-882-5512
- Emailing your information to info@powerliens.com
- Calling us at 800-680-5526

**Office / Doctor Name:** _____

**Phone number:** _____

**Does your office provide transportation to patients?**

☐ *YES, we provide transportation*

☐ *Sometimes*

☐ *NO, we do not provide transportation*

Thanks!

Jason & the Power Liens Team

*For information on how to secure an exclusive zone in your territory and locking out your nearby competition, contact us today at 800-680-5526.*



A DIVISION OF
POWER**ENDEAVORS**