IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois corporation, individually and on behalf of a class, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| POWER LIENS, LLC, | ) ) ) |
| Defendant. | ) |

No. 13-cv-7853

Judge Sharon Johnson Coleman

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Florence Mussat, M.D., S.C. ("Mussat"), filed a two-count Amended Complaint against Defendant, Power Liens LLC ("Power Liens"), seeking class action status and alleging violations of the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227 *et seq.* (Count I) and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS § 505/2 *et seq.* (Count II). Power Liens moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [21]. For the reasons stated herein, the Court grants in part and denies in part Power Liens' motion.

**Background**

On October 18, 2012, Mussat received a one-page unsolicited fax advertisement sent from Power Liens to promote Power Liens' goods and services. The fax, written on Power Liens' stationary and marked "TIME SENSITIVE," states:

> Dear Doctor or Office Manager,
>
> Per a number of requests, we've added a new feature to our website, www.PowerLiens.com, allowing attorneys to narrow their doctor searches by "Transportation Provided." If your office offers transportation services to your clients, please let us know so that we can make sure it is properly reflected on our website. Our results show that the more specific you are about the services you offer, the more attorneys will call your office.

> You can update your listing information by either:
> - Filling out the form below and faxing it back to 310-882-5512
> - Emailing your information to info@powerliens.com
> - Calling us at 800-680-5526
>
> **Office / Doctor Name:** _____
> **Phone number:** _____
> **Does your office provide transportation to patients?**
> - ☐ *YES, we provide transportation*
> - ☐ *Sometimes*
> - ☐ *NO, we do not provide transportation*
>
> Thanks!
>
> Jason & the Power Liens Team

The bottom of the fax instructs recipients to contact Power Liens, "[f]or information on how to secure an exclusive zone in your territory and locking out your nearby competition…". Mussat alleges this fax is part of a marketing campaign to sign up physicians for a preferred listing on Power Liens' website in exchange for a monthly fee. Mussat also alleges that it has never had a business relationship with Power Liens and has not consented to receipt of the fax. Mussat estimates that this fax has been sent to 40 other individuals or businesses.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded factual

allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Discussion**

Power Liens moves to dismiss both counts of the Amended Complaint. Count I alleges that Power Liens violated the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227 *et seq.*, by sending the fax described above. TCPA prohibits the use of a fax machine to send unsolicited advertisements. 42 U.S.C. § 227(b)(1)(C). The statute defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

Power Liens argues that the fax it sent to Mussat is not an "unsolicited advertisement" because it does not advertise the commercial availability of any goods or services. Instead, Power Liens contends that where a fax is primarily informational, the fact that there may be a potential future commercial benefit to the sender does not change the underlying message into an advertisement. *See N.B. Industries v. Wells Fargo & Co.*, No. C 10-03203 LB, 2010 WL 4939970, 2010 U.S. Dist. LEXIS 126432 (N.D. Cal. Nov. 30, 2010) (complaint dismissed because the court found the fax was an application for an award that did not constitute an unsolicited advertisement). However, "the inquiry is not whether there is an ancillary commercial benefit to either party but instead whether the message is an advertisement (or a pretext for an advertisement). *Id.* at 2010 U.S. Dist. LEXIS 126432, *26.

Mussat has adequately alleged a violation of the TCPA. While the fax is informational in that it informs the recipient of Power Liens' services, this fact does not alter the underlying commercial message. The fax does not fall under the "informational" exception to unsolicited advertisements as Power Liens asserts. The Amended Complaint alleges that this fax is part of a marketing campaign

3

to sign up physicians for a preferred listing on Power Liens' website in exchange for a monthly fee. (Dkt. 16, Amend. Compl. ¶ 13). In *North Suburban Chiropractic Clinic, Ltd. v. Merck & Co.,* 13-cv-3113, 2013 WL 5170754, 2013 U.S. Dist. LEXIS 130885 (N.D. Ill. Sept. 13, 2013) (St. Eve, J.), the court found a similarly stated allegation sufficient to state a claim for a TCPA violation. Indeed, Power Liens is inviting recipients to contact it to "secure an exclusive zone in your territory and [lock] out your nearby competition." This is clearly an offer to make use of Power Liens' commercial services. Mussat also adequately alleges that it had no ongoing or prior business relationship with Power Liens and that it had not consented to receive faxes from Power Liens. (Dkt. 16, Amend. Compl. ¶¶ 15-16.) The generic address of the fax, "Dear Doctor or Office Manager," bolsters the allegation of a lack of prior business relationship. Further, the offer itself suggests that Power Liens is seeking to establish a relationship rather than a communication made as part of an ongoing relationship. Power Liens offers a portion of its website as evidence of the prior business relationship.

Courts may, at their discretion, take judicial notice of the contents of a website. *See Denius v. Dunlap,* 330 F.3d 919, 926 (7th Cir. 2003).[1] This Court declines to take judicial notice of Power Liens' website in order to show the existence of a business relationship. The Internet however contains a wide variety of information with varying levels of reliability and a court is not required to take judicial notice of a website's content. *Cf. Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 648 (7th Cir. 2011); *see also Felty v. Driver Solutions, LLC,* No. 13-cv-2818, 2013 WL 5835712, at *3 (N.D. Ill. Oct. 30, 2013) (Kocoras, J.) ("Due to the evolving nature of websites, this Court is neither required nor inclined to take judicial notice of any website material at this time."). This Court finds that Power Liens' website, without more, is not sufficiently reliable for this Court to take judicial

---

[1] This Court previously ruled that it could consider the portion of the website attached to Power Liens' Motion to Dismiss without converting the motion to a Rule 56 Motion for Summary Judgment. Nothing in that ruling requires this Court to take judicial notice of the contents of the website if it lacks the requisite indicia of reliability pursuant to Fed. R. Evid. 201(b)(1), (2).

4

notice of its contents as evidence of a prior business relationship with Mussat. Accordingly, Mussat adequately alleges a violation of the TCPA.

Count II of the Amended Complaint alleges violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2 *et seq.* The ICFA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices… in the conduct of any trade or commerce…." 815 ILCS 505/2. To determine whether the alleged conduct is unfair, courts consider: "(1)whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417-18, 775 N.E.2d 951, 961 (2002). Power Liens moves to dismiss Count II, arguing that Mussat has not met any of the *Robinson* factors.

The first factor weighs in favor of Mussat because "there is little dispute that the alleged practice of sending unsolicited fax advertisement offends public policy." *Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.*, 633 F.Supp.2d 610, 616 (N.D. Ill. 2009) (citing *Centerline Equipment Corp. v. Banner Personnel Serice, Inc.*, 545 F.Supp.2d 768, 780 (N.D. Ill. 2008); *W. Ry. Devices Corp. v. Lusida Rubber Prods., Inc.,* No. 06 C 0052, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D. Ill. June 13, 2006)). Under the second factor, "[a] practice may be considered immoral, unethical, oppressive, or unscrupulous if it imposes a lack of meaningful choice or an unreasonable burden on the consumer." *Stonecrafters*, 633 F.Supp.2d at 616. On the one hand, Mussat does not, as simply the recipient, have a meaningful choice in receiving the fax or faxes from Power Liens. On the other hand, one unsolicited fax does not rise to the level of immoral, unethical, oppressive, or unscrupulous as contemplated by the ICFA.[2] Power Liens' single, one-page fax cannot be said to burden Mussat to an oppressive level. Thus, the second factor weighs in favor of Power Liens. "A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has

---

[2] In a Motion for Leave to Correct Defendant's Two Factual Misrepresentations to the Court, Mussat argues that it received a second fax from Power Liens on December 9, 2012.

5

the potential to cause injury to a large number of consumers." *Stonecrafters*, 633 F.Supp.2d at 617 (quoting *Wilson v. Harris N.A.*, No. 06-CV-05840, 2007 U.S. Dist. LEXIS 65345, 2007 WL 2608521, at *8 (N.D. Ill. Sept. 4, 2007) (Pallmeyer, J.)(internal quotation marks omitted). One or two sheets of paper, the minimal toner, and the few seconds of a person's time expended in response to the unsolicited fax do not amount to a substantial injury. Even taking Mussat's allegations as true, that the fax was sent to as many as 40 individuals or businesses, the loss is *de minimis*. *See Stonecrafters*, 633 F.Supp.2d at 617 (noting that even a thousand people suffering damages of a couple of pennies would only result in an aggregate harm of $20). Accordingly, under the axiom *de minimis non curat lex,* or "the law does not concern itself with trifles" the third factor weighs in favor of Power Liens. Since two of the three *Robinson* factors weigh in favor of Power Liens, this Court finds that Count II should be dismissed.

**Conclusion**

For the foregoing reasons, this Court grants Power Liens' Motion to Dismiss with respect to Count II, the ICFA claim, and denies the Motion to Dismiss with respect to the TCPA claim in Count I. Defendant to file Answer to Count I of the Amended Complaint within 21 days of entry of this Order. Additionally, Mussat's Motion for Leave to Correct Defendant's Two Factual Misrepresentations to the Court [36] is denied. Status hearing set for 8/18/2014 at 9:00 a.m.

IT IS SO ORDERED.

Date: July 21, 2014

Entered: _____
United States District Judge