IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois corporation, individually and on behalf of a class, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| POWER LIENS, LLC, | ) ) |
| Defendant. | ) ) |

No. 13-cv-7853

Judge Sharon Johnson Coleman

**MEMORANDUM OPINION AND ORDER**

On August 13, 2014, Florence Mussat, M.D., S.C. ("Mussat"), filed a motion to strike defendant Power Liens' ten affirmative defenses [46]. For the reasons stated herein, the motion is granted in part and denied in part.

**Background**

Mussat filed the instant lawsuit after receiving a one-page fax from Power Liens, which Mussat claims violates the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS § 505/2 *et seq.* The bottom of the fax instructs recipients to contact Power Liens, "[f]or information on how to secure an exclusive zone in your territory and locking out your nearby competition…". Mussat alleges this fax is part of a marketing campaign to sign up physicians for a preferred listing on Power Liens' website in exchange for a monthly fee. Mussat also alleges that it has never had a business relationship with Power Liens and has not consented to receipt of the fax. Mussat estimates that this fax has been sent to 40 other individuals or businesses.

1

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(f) the district may strike affirmative defenses that are conclusory, vague, and unsupported because they do not meet the requirements imposed by Rule 8(a). *Heller Fin'l Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion under Rule 12(f) must be filed "within 21 days after being served with the pleading" and allows a court to strike any "redundant, immaterial, impertinent, or scandalous matter." *Fed.R.Civ.P. 12(f)*. Affirmative defenses are pleadings and, therefore, are subject to all of the pleading requirements of the Federal Rules of Civil Procedure. *Heller,* 883 F.2d at 1294. Affirmative defenses must also contain sufficient factual material that, when taken as true, state a defense that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1939, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). An affirmative defense is an admission of the facts alleged in the complaint, coupled with an assertion of some other reason that the defendant is not liable. *See, e.g., Bobbitt v. Victorian House, Inc.* 532 F.Supp.734, 736 (N.D. Ill. 1982).

Generally, motions to strike affirmative defenses are disfavored because of their tendency to delay the proceedings. *Heller*, 883 F.2d at 1294. Such motions will only be granted where they remove unnecessary clutter from the case or where the affirmative defense is insufficient on the face of the pleadings. *Id.* Even where a motion to strike is granted, leave to amend the pleadings is to be freely granted as justice requires. *Fed.R.Civ.P. 15(a)*. Striking of an affirmative defense does not necessarily preclude the party from asserting or arguing its substantive merits later in the case. *Palomares et al v. Second Federal Savings & Loan Ass'n of Chicago,* 2011 U.S. Dist. LEXIS 56949, *5 (N.D. Ill. May 25, 2011)(citing *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.,* 576 F. Supp. 985, 988 (N.D. Ill. 1983)).

**Discussion**

Mussat moves to strike all ten of Power Liens' affirmative defenses. Power Liens voluntarily withdraws its Third – Eighth affirmative defenses, but asserts that this Court should not strike its First, Second, Ninth, and Tenth affirmative defenses.

*First Affirmative Defense*

"Plaintiff's claims, and those of any putative class member, are barred to the extent that Plaintiff and putative class members had an established business relationship with Defendant." (Def. Answer, Dkt. 44).

*Second Affirmative Defense*

"Plaintiff's claims, and those of any putative class member, are barred to the extent that Plaintiff and putative class members affirmatively consented to receive fax communications from Defendant." *Id.*

*Ninth Affirmative Defense*

"Plaintiff's claims, in whole or in part, are barred for failure to state a claim upon which relief may be granted." *Id.*

*Tenth Affirmative Defense*

"Plaintiff's claims, in whole or in part, are barred to the extent that Defendant's conduct as alleged by Plaintiff was not violative of the TCPA."

This Court grants Mussat's motion to strike the Ninth and Tenth affirmative defenses and denies the motion to strike the First and Second affirmative defenses. Mussat argues that the First and Second affirmative defenses are merely denials and therefore are not proper affirmative defenses. However, "[i]f a defendant makes the mistake of pleading matter as an affirmative defense that could have been raised by denial, there is no reason to penalize him either by granting a motion to strike, which will not promote the disposition of the case on the merits, or by shifting the burden

3

of proof from plaintiff to defendant by invoking the fiction that pleading affirmatively on the matter he intended to assume the burden of proof. This latter conclusion seems particularly appropriate since defendant should be encouraged to plead a defense affirmatively if he is in any doubt as to his ability to put the matter in issue under a denial." *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-737 (N.D. Ill. 1982). Both the First and Second affirmative defenses go beyond denying that Power Liens' violated the TCPA or ICFA by sending the fax and assert the reason that Power Liens' action did not violate the TCPA or ICFA. Accordingly, this Court finds these defenses are not redundant of the pure denial of liability and declines to strike the defenses.

This Court finds however that Power Liens' Ninth affirmative defense is insufficient to meet the Rule 8(a) standard and the Tenth affirmative defense is redundant of the denials in the Answer and the First and Second affirmative defenses. Accordingly, this Court grants Mussat's motion to strike the Ninth and Tenth affirmative defenses.

IT IS SO ORDERED.

Date: October 6, 2014

Entered